# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEENAN T. HOLMES, <br><br>        Plaintiff, <br><br>  vs. <br><br>ROBERT E. MCFADDEN, et al., <br><br>        Defendants. | 1:12cv01769 LJO DLB PC <br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT PREJUDICE <br><br>TWENTY DAY OBJECTION DEADLINE |

Plaintiff Keenan T. Holmes ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis. He filed this civil action on October 30, 2012, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. He names Bureau of Prison's ("BOP") Western Regional Director Robert McFadden, USP Atwater Warden Paul Coppenhaver, USP Atwater Hearing Officer D. Lorance and USP Atwater Case Manager C. Wolff-Would as Defendants.

A.   **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens."  Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.  See Bivens, 403 U.S. at 397.  To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret

Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

B.      **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is incarcerated at USP Lewisburg, in Lewisburg, Pennsylvania.  The events at issue occurred while Plaintiff was housed at USP Atwater.

On April 4, 2012, at or about 8:30 a.m., Plaintiff was placed in the Special Housing Unit ("SHU") for possession of a weapon.  At 6:20 p.m. that evening, Plaintiff received a copy of the incident report related to the alleged offense.  Exh. C.

On April 5, 2012, at approximately 9:30 a.m., Plaintiff was escorted to a disciplinary hearing conducted by Discipline Hearing Officer ("DHO") Defendant Lorance.  Defendant Lorance asked why Plaintiff was in the SHU, and Plaintiff responded, "I have a 104 shot."  Defendant Lorance then asked Plaintiff if the weapon was his, and Plaintiff stated, "No comment."  Defendant Lorance asked Plaintiff how he would plead, and Plaintiff stated that he had no plea.  Defendant Lorance told Plaintiff that she could tell him what sanctions she would impose, explaining that if she found him guilty, he would receive a term in disciplinary segregation and a loss of privileges and good time credit.  Plaintiff alleges that the April 5, 2012, hearing occurred less than 24 hours after he received notice of the alleged offense.[1]  He contends that Defendant Lorance found him guilty, and imposed sanctions, at a procedurally improper hearing.  He was also later approved for placement in the Special Management Unit ("SMU").

Plaintiff also states that Defendant Lorance took these actions in the absence of any facts, as the charging incident report had yet to be referred to Defendant Lorance by the Unit Discipline Committee ("UDC").[2]  Plaintiff states that the incident report was not referred to the DHO until 1:36 p.m. on April 5, 2012, almost an hour *after* the conclusion of the DHO hearing.

---

[1] Plaintiff cites 28 C.F.R. § 541.8(c), which requires that notice of the charges be given at least 24 hours in advance of the DHO hearing.

[2] Plaintiff cites 28 C.F.R. § 541.8, which states that the DHO will only conduct a hearing on the incident report if referred by the UDC.

3

At that time, Defendant Wolff-Would conducted Plaintiff's UDC hearing.  When Defendant Wolff-Would came to Plaintiff's cell, Plaintiff told her that he had already seen the DHO, and Defendant Wolff-Would responded, "she (DHO) can't do that."  Compl. 8.  Defendant Wolff-Would decided to go ahead with the UDC hearing and asked Plaintiff if he had any witnesses or a staff representative.  Plaintiff advised Defendant Wolff-Would that he had a staff representative that he wanted, but Defendant Wolff-Would, "Since you've already been seen by the DHO, I'm going to put down you have no witnesses or staff representative."  Compl. 8.  Plaintiff contends that a staff representative would have helped him gather information to prove his lack of knowledge as to what was placed in his pocket.

Plaintiff also states that he did not waive his right to a preliminary hearing by the UDC, as required by the BOP's Program Statement prior to any hearing by the DHO.[3]  Plaintiff argues that the preliminary hearing would have allowed him to name and call witnesses and request a staff representative, to provide a statement in his defense, to be advised of his rights before the DHO and recommended sanctions, and to have the incident report referred to the DHO.  Plaintiff states that he did not receive a preliminary hearing until after the DHO hearing.

Plaintiff further contends that Defendant Lorance covered up her mistakes by submitting a fraudulent DHO report, which states that the hearing was conducted on April 6, 2012, at 9:00 a.m., and that Plaintiff admitted guilt.  Exh. C.  Plaintiff also attaches a Staff Signature Sheet showing that for the week of April 1 through April 7, 2012, Defendant Lorance was a DHO only on April 5, 2012, at 9:00 a.m. to 12:00 p.m.  Exh. B.

Upset with how the disciplinary hearings were handled, Plaintiff wrote a letter to Defendant McFadden seeking assistance.  Exh. D.  Defendant McFadden did not take corrective action.

---

[3] 28 C.F.R. § 541.7 states that the UDC will review the incident report once the staff investigation is complete.  A prisoner is entitled to attend the UDC hearing, or an appearance may be waived.

Plaintiff also informed Defendant Coppenhaver of the issue, verbally and by letter, but he failed to remedy the issue. Exh. E.

Finally, Plaintiff contends that Defendant Wolff-Would violated his due process rights when she prepared a memo referring Plaintiff for placement in the SMU and failed to provide Plaintiff with a copy. Exh. F. Plaintiff states that the referral he received cited only the possession of weapon charge. However, at the July 5, 2012, hearing, Plaintiff was given a copy of the Hearing Administrator's Report on Referral for Designation to a SMU, and it cites possession of a dangerous weapon, possession of stolen property and assault. Exh. G. Plaintiff states that he was denied the right to prepare a defense to the additional charges, which he had never been charged with or found guilty of.

Plaintiff received a loss of 41 days good-time credits and SMU confinement. He argues that no evidence exists in the record which can support a finding of guilt.

Based on these facts, Plaintiff alleges the following violations of due process under the Fifth Amendment: (1) denial of the right to call witnesses or name a staff representative; (2) denial of the right to have the incident report referred by the UDC to the DHO prior to any hearing by the DHO; (3) denial of the right to at least 24 hour notice prior to the DHO hearing; (4) denial of the right to a preliminary hearing prior to the DHO hearing; (5) denial of the right to be free of fraudulent statements and reports by the DHO; and (6) denial of the right to receive a copy of the complete SMU referral.

As relief, Plaintiff seeks immediate release back to the general population, a reversal of the DHO's finding of guilt and an award of punitive damages.

**C.      DISCUSSION**

Plaintiff's allegations are related to a disciplinary hearing and the resulting penalties, including a loss of good time credits. He alleges a denial of due process and requests that the decision of the DHO be invalidated.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-487. A civil rights damages claim challenging the legality of a conviction or the length of confinement that has not been so invalidated is not cognizable. Heck, 512 U.S. at 486-487; Cunningham v. Gates, 312 F.3d 1148, 1153 (9th Cir.2002), cert. denied, 538 U.S. 960 (2003).

Relying on Heck, the Supreme Court held in Edwards v. Balisok, 520 U.S. 641, 648 (1997), that an inmate may not bring a civil rights claim challenging the validity of procedures utilized during a prison disciplinary hearing that resulted in the deprivation of good conduct time credits unless the disciplinary convictions leading to the loss of credits have been invalidated. See Edwards, 520 U.S. at 643.

Here, a judgment in Plaintiff's favor would necessarily imply the invalidity of a disciplinary conviction that resulted in the loss of good time credits. The sole remedy in federal court for a prisoner seeking restoration of good time credits is a writ of habeas corpus. Edwards, 520 U.S. at 643; see also Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989) (habeas corpus is available pursuant to § 2241 for claims concerning denial of good time credits or subjection to greater restrictions of liberty, such as disciplinary segregation, without due process of law). Similarly, Plaintiff is not entitled to damages because the disciplinary finding has not been invalidated. Heck, 512 U.S. at 486-487.

Plaintiff's complaint therefore fails to state a claim for which relief may be granted. The Court recommends dismissal, without prejudice. Plaintiff may refile this action as a petition for writ of habeas corpus.

### D. FINDINGS AND RECOMMENDATIONS

Accordingly, based on the above, it is HEREBY RECOMMENDED that Plaintiff's action BE DISMISSED WITHOUT PREJUDICE for failure to state a claim for which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 30, 2013**                    /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE